```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Richard E. Enyart, Jr.,                :

      Plaintiff,                       :

    v.                                 : Case No. 2:16-0161

                                                      : CHIEF JUDGE EDMUND A. SARGUS, JR.
Ohio Department of                       Magistrate Judge Kemp
Rehabilitation and Correction,
et al.,                                :

      Defendants.                      :


                    REPORT AND RECOMMENDATION


                         I.  Introduction

Plaintiff Richard Enyart, an inmate who resides at the Toledo Correctional Institution, filed this 42 U.S.C. §1983 action against the Ohio Department of Rehabilitation and Correction; Gary Mohr, its Director; Brian Wittrup, the Director of Classification for ODRC; and John Coleman, the Warden at Mr. Enyart's institution.  He alleges in his complaint (and his amended complaint) that he is at risk of being assaulted because the Defendants refuse to assign him a permanent single cell (although, at the time he filed the complaint, he was housed alone in a double cell).  He moved for preliminary injunctive relief which, if granted, would prevent Defendants from assigning him a cellmate.  Defendants oppose the motion.  For the following reasons, the Court will recommend that the motion be denied.

                         II.  Background

This case involves an issue about how the permanent single cell assignment policy of the Ohio Department of Rehabilitation

and Correction operates.  It is helpful to begin with a summary of that policy.

Policy 55-SPC-01, effective on January 15, 2016, says the following.  Its purpose is "to make available single occupancy cells for inmates who would not be appropriately housed in multiple cells/rooms."  Reasons for placement in a single cell include "permanent or long term medical disabilities, permanent or long term mental health issues, the likelihood that the inmate would prey on other inmates in multiple cell/room assignments or for inmates who have other special needs for single housing on a long term basis."  An inmate might also be provided with a single cell assignment if the inmate is "likely to be exploited or victimized by others ...."  The assessment under the regulation is described as a matter for "professional assessment, correctional judgment and all other relevant information available at the time."  The policy then explains the procedure to be followed for making single cell assignments.

According to the amended complaint (which is not verified), Richard Enyart is an inmate serving a 365-year sentence for what he describes as "alleged misconduct with minor children."  While a pretrial detainee in 2007, he was assaulted at the Franklin County Jail.  After sentencing, he was placed in protective control by the Ohio Department of Rehabilitation and Correction and housed first at the Southern Ohio Correctional Facility and then at the Toledo Correctional Institution.  At those facilities, he was never assigned a cellmate.

In 2012, Plaintiff was sent to the Allen Oakwood Correctional Institution.  While there, he was assigned a cellmate, Mark Stallings, who assaulted him twice, leading to a different cell assignment.  In 2014, while housed with a different cellmate, he was threatened with an attack from the Aryan Brotherhood, but the attack never materialized.  In late

2015, he was reassigned to Toledo and told that he would be given a cellmate. He was provided with a list of potential cellmates and asked to pick one. The complaint does not allege that any of the listed individuals had made threats to Mr. Enyart, but he alleges that he "lives in constant fear of whom the Defendants may place in the cell with him." He asserts that under the applicable policy, he qualifies for single cell placement because of the well-documented history of attacks and threats against him.

In support of their opposition to the motion, Defendants have submitted an affidavit from John Coleman, the Warden of the Toledo Correctional Institution. Mr. Coleman's affidavit (which contains the only sworn testimony in the record) recites the following facts.

First, Mr. Coleman's duties include ultimate responsibility for the safety of prisoners within the institution. Second, he is aware that Mr. Enyart has been at Toledo and has been in protective control for his entire time at Toledo. Third, Mr. Enyart does not currently have a cellmate. Fourth, he recalls Mr. Enyart's telling him of the 2012 assault at Allen Oakwood (Mr. Coleman was the warden there in 2012). He also recalls Mr. Enyart's telling him of the threat from inmate Teagarden, although he says he saw no evidence to corroborate Mr. Enyart's statement.

According to Mr. Coleman, there are no level three protective custody inmates at Toledo who are assigned permanent single cell status. Mr. Coleman is not aware of any current threat against Mr. Enyart. Other sex offenders like Mr. Enyart are not given single cells because there is no automatic presumption that such inmates are going to be targeted or preyed upon by other inmates.

III. Discussion

-3-

This is a sparse record from which to make a determination about whether to grant a preliminary injunction. Particularly from the plaintiff's side, the absence of any sworn statement significantly undercuts his motion. He has the burden of proof as to the factual basis of the motion, including the prospect of immediate and irreparable injury. See, e.g., Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002)("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it"). Nevertheless, since Defendants have not raised that specific objection, the Court will analyze his motion as if Mr. Enyart had provided some factual support for the matters alleged in the complaint.

As this Court said in 111 Debt Acquisition LLC v. Six Ventures Ltd., 2008 WL 3874630, *3 (S.D. Ohio Aug. 15, 2008):

> Fed.R.Civ.P. 65 permits a party to a suit to seek injunctive relief if he believes he will suffer irreparable harm or injury. The decision whether or not to issue a preliminary injunction falls within sound discretion of the district court. Friendship Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100, 102 (6th Cir.1982). The trial court, however, should grant this extraordinary remedy only after it has carefully considered the following four factors:
>
>> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.
>
> Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir.2000) (citing McPherson v. Michigan High Sch. Athletic Ass'n, 119 F.3d 453, 459 (6th Cir.1997) (en banc ), quoting Sandison v. Michigan High Sch. Athletic Ass'n, 64 F.3d

-4-

    1026, 1030 (6th Cir.1995)). These four considerations are not required elements of a conjunctive test but are rather factors to be balanced. <u>Michigan Bell Tel. Co. v. Engler</u>, 257 F.3d 587, 592 (6th Cir.2001) (no single factor is determinative.); <u>Monongahela Power Co. v. Schriber,</u> 322 F.Supp.2d 902, 918 (S.D.Ohio 2004).

    "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." <u>United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.</u>, 163 F.3d 341, 348 (6th Cir.1998) (citing <u>Stenberg v. Cheker Oil Co.</u>, 573 F.2d 921, 925 (6th Cir.1978)). This "traditional preliminary injunctive standard-the balancing of equities-applies to motions for mandatory preliminary injunctive relief as well as motions for prohibitory preliminary injunctive relief." <u>Id</u>.

Here, Defendants correctly point out that the key constitutional issue is whether, by denying Mr. Enyart a permanent single cell, they are demonstrating deliberate indifference to a serious risk of physical harm. <u>See generally Farmer v. Brennan</u>, 511 U.S. 825 (1994). In the specific context of threats of harm posed by other inmates, the Court of Appeals has recognized the duty of prison officials to protect inmates against assault at the hands of other inmates. <u>See Wilson v. Yaklich</u>, 148 F.3d 596, 600 (6th Cir. 1998) ("Without question, prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners"). At the same time, however, it is generally the case that officials, in order to be liable under the Eighth Amendment, must be aware of a specific threat to either the plaintiff, or to a class of persons to which the plaintiff belongs, and there must be objective evidence substantiating that threat; that is, the risk of harm "must be based upon more than [the inmate's] subjective fear." <u>Browning v. Pennerton</u>, 633 F.Supp.2d 415, 430 (E.D. Ky. 2009).

    The Court agrees with Defendants that Mr. Enyart has not, in

his preliminary injunction motion, met his burden of proving either a likelihood of success on the merits or that he will be irreparably injured if his motion is not granted.  He has pleaded no facts indicating that any of the suggested cellmates have made threats to harm him.  He has also pleaded no facts suggesting that he has been threatened by any inmate currently housed either at his institution or in the protective custody unit.  The fact that, while at a different correctional institution, he was assaulted once (four years ago) and threatened (two years ago), neither of which events were even allegedly based on his status as a sexually-oriented offender, simply does not support the claim that he would be at risk if he received a cellmate who, like him, is being housed in protective custody.  He has presented no evidence of systemic threats to the safety of protective custody inmates at his institution who are double-celled, nor any evidence that all or substantially all inmates serving sentences for crimes like his are routinely assaulted or threatened with harm.  The only factual information in the record - Warden Coleman's affidavit - says just the contrary.  Consequently, there is no basis on which the Court could conclude that Mr. Enyart has shown an entitlement to a preliminary injunction.  For these reasons, it will be recommended that his motion (Doc. 2) be denied.

### IV.  Recommendation

For the reasons set forth above, the Court recommends that the motion for preliminary injunction (Doc. 2) be denied.

### V.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge

of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

     The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge