**UNITED STATES DISRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**RICHARD E. ENYART, JR.,**

    **Plaintiff,**

    v.

**OHIO DEPARTMENT OF**
**REHABILITATION AND**
**CORRECTION, et al.,**

    **Defendants.**

        **Case No.: 2:16-cv-00161**
        **CHIEF JUDGE EDMUND A. SARGUS, JR.**
        **Magistrate Judge Terence P. Kemp**

## OPINION & ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Order and Report and Recommendation (ECF No. 17) recommending denial of Plaintiff's Motion for Preliminary Injunction (ECF No. 2). For the following reasons, the Court **OVERRULES** Plaintiff's Objections (ECF No. 19) and **DENIES** Plaintiff's Motion for Preliminary Injunction.

## I. BACKGROUND

Plaintiff Richard Enyart, an inmate at the Toledo Correctional Institution ("ToCI"), filed this 42 U.S.C. § 1983 action and Motion for Preliminary Injunction on February 19, 2016 against Defendants ("Defendants") the Ohio Department of Rehabilitation and Correction ("ODRC"); Gary Mohr, its Director; Brian Wittrup, the Director of Classification for ODRC; and John Coleman, the Warden at ToCI. Plaintiff alleges that he is at risk of being assaulted because Defendants refuse to assign him to permanent single cell status under ODRC Policy 55-SPC-01.

As Magistrate Judge Kemp summarized in his Report and Recommendation:

> According to the amended complaint (which is not verified), [Plaintiff] is an inmate serving a 365-year sentence for what he describes as "alleged misconduct with minor children." While a pretrial detainee in 2007, he was

1

assaulted at the Franklin County Jail. After sentencing, he was placed in protective control by the Ohio Department of Rehabilitation and Correction and housed first at the Southern Ohio Correctional Facility and then at the Toledo Correctional Institution. At those facilities, he was never assigned a cellmate.

In 2012, Plaintiff was sent to the Allen Oakwood Correctional Institution. While there, he was assigned a cellmate, Mark Stallings, who assaulted him twice, leading to a different cell assignment. In 2014, while housed with a different cellmate [Trevor Teagarden], he was threatened with an attack from the Aryan Brotherhood, but the attack never materialized. In late 2015, he was reassigned to Toledo and told that he would be given a cellmate. He was provided with a list of potential cellmates and asked to pick one. The complaint does not allege that any of the listed individuals had made threats to Mr. Enyart, but he alleges that he "lives in constant fear of whom the Defendants may place in the cell with him." He asserts that under the applicable policy [55-SPC-01], he qualifies for single cell placement because of the well-documented history of attacks and threats against him.

(ECF No. 17 at 2–3.)

ODRC Policy 55-SPC-01 ("Policy") provides that its purpose is "to make available single occupancy cells for inmate who would not be appropriately housed in multiple cells/rooms." (ECF No. 2 at 2) (quoting Policy at 1; ECF No. 9-1 at 5.) Among the reasons an "individual inmate may be assigned a temporary or permanent single occupancy cell/room" include whether "[t]he inmate has been identified as a sexual predator within the prison setting" or if "[s]taff has reason to believe or have identified the inmate as an individual who is likely to be exploited or victimized." (Policy at 2; ECF No. 9-1 at 6.) Whether to assign inmate single cell status should "be made on the basis of professional assessment, correctional judgment and all other relevant information available at the time." (Policy at 3; ECF No. 9-1 at 7.)

Plaintiff argues that due to the nature of the charges for which he is incarcerated, he is at risk of irreparable harm were to be placed in a double cell ("Plaintiff was accused of numerous sex offenses against children. This places him very low in the prison hierarchy.") (ECF No. 2 at 4.)

2

Defendants oppose Plaintiff's motion and present an affidavit from Warden John Coleman (the only sworn testimony in the record, as the Magistrate Judge noted). (ECF No. 9.) Coleman states that Plaintiff is classified as a level three inmate with protective control status at ToCI; that Plaintiff has been housed in a double cell without a cellmate and is currently without a cellmate; that no other inmates under protective control are currently assigned permanent single cell status there; and, that ToCI houses a number of inmates also incarcerated for sex offenses who have not been given a single cell. (Coleman Aff. ¶¶ 7–8, 12, 17; ECF No. 9-1) ("Those inmates are not automatically presumed to be targeted or preyed upon by other inmates.")

On July 22, 2016, Magistrate Judge Kemp issued a Report and Recommendation, recommending that Plaintiff's Motion for Preliminary Injunction be denied. The Magistrate Judge held that Plaintiff failed to establish a strong likelihood of success on the merits or that plaintiff would suffer irreparable harm, finding that Plaintiff failed to offer any evidence of specific threats to him at his current institution or of any systemic threats to the safety of double-celled inmates under protective custody. (ECF No. 17 at 6.) Plaintiff now objects.

## II. STANDARD

Upon receiving Plaintiff's objections to the Magistrate Judge's recommendation to deny the Motion for a Preliminary Injunction, the District Judge "must determine *de novo*[1] any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

---

[1] Defendants argue that a "clearly erroneous" standard should instead apply because Plaintiff only objected to the Magistrate Judge's factual findings. They rely on *Itskin v. Gibson*, No. 2:10-CV-689, 2012 WL 787400, at *1 (S.D. Ohio Mar. 9, 2012) for the proposition that "[o]bjections to a magistrate judge's factual findings are reviewed under the 'clearly erroneous' standard, while objections to a magistrate judge's legal conclusions are considered under the more lenient 'contrary to law' standard." (Def.'s Resp. to Pl.'s Obj. at 1; ECF No. 20) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).) However, *Itskin* and *Gandee* each concern nondispositive motions. When the court is presented with a dispositive motion for injunctive relief, as it is here, it will review the magistrate judge's report and recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(A); *see also Banks v. United States*, 614 F.2d 95, 96 (6th Cir. 1980).

3

After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Kemp concluded Plaintiff did not meet his burden of proving a likelihood of success on the merits or that he will be irreparably injured if a preliminary injunction is not granted. Federal Rule of Civil Procedure 65(a) permits a party to seek injunctive relief if he believes he will suffer irreparable harm or injury. The decision whether to grant a request for interim injunctive relief falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982); *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). An injunction, however, is an extraordinary remedy that should be granted only after a court has considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)). A preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

Plaintiff, as the movant, bears the burden of establishing that "the circumstances clearly

4

demand" this extraordinary relief. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305

F.3d 566, 573 (6th Cir. 2002). The Court also recognizes that "[w]here a prison inmate seeks an

order enjoining state prison officials, this court is required to proceed with the utmost care and

must recognize the unique nature of the prison setting." *Schuh v. Mich. Dep't of Corr.*, No. 1:09-

CV-982, 2010 WL 3648876, at *1 (W.D. Mich. July 26, 2010) *report and recommendation

adopted*, No. 1:09-CV-982, 2010 WL 3655654 (W.D. Mich. Sept. 16, 2010) (citing *Kendrick v.

Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984)).

### III. ANALYSIS

In his Report and Recommendation, Magistrate Judge Kemp concluded that Plaintiff

failed to offer any objective evidence of a specific threat to his safety and therefore did not meet

his burden of establishing a likelihood of success on the merits or irreparable harm.  Plaintiff

specifically objects to the Judge's finding that Plaintiff is not at risk of substantial harm.

As set out in the Report and Recommendation, Plaintiff alleges that Defendants violated

his Eighth Amendment rights by refusing him single cell status under ODRC Policy 55-SPC-01

in deliberate indifference to his safety. Under the Eighth Amendment, "prison officials have a

duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*,

511 U.S. 825, 833 (1994). To establish liability under the Eighth Amendment, Plaintiff must

show that Defendant was deliberately indifferent "to a substantial risk of serious harm." *Id.* at

828. Plaintiff must make both an objective showing that he is incarcerated under conditions that

pose a substantial risk of serious harm as well as a subjective showing that Defendants knew of

and disregarded an excessive risk to Plaintiff's safety. *Id.* at 837. While one inmate's threat to

another is sufficiently serious to satisfy the objective component, a "general concern" about

safety from unidentified inmates does not suffice. *See Williams v. McLemore*, 247 F. App'x 1, 10

5

(6th Cir. 2007) (citing *Gant v. Campbell,* 4 F. App'x 254, 256 (6th Cir. 2001)). The risk of harm "must be based upon more than [the inmate's] subjective fear." *Browning v. Pennerton*, 633 F. Supp. 2d 415, 430 (E.D. Ky. 2009).  Nonetheless, a court may infer deliberate indifference if "the record [] indicate[s] either that assaults occurred so frequently that they were 'pervasive,' or that [plaintiff] belonged to an 'identifiable group of prisoners' for whom 'risk of ... assault [was] a serious problem of substantial dimensions.'" *Walsh v. Brewer*, 733 F.2d 473, 476 (7th Cir. 1984) (first quoting *Murphy v. United States*, 653 F.2d 637, 644 (D.C. Cir. 1981) and then *Withers v. Levine*, 615 F.2d 158, 161 (4th Cir. 1980)).

The Court agrees with the Magistrate Judge that Plaintiff has failed to make the requisite objective showing identifying any threat from any specific inmate to Plaintiff or to a class of persons to which plaintiff belongs. As stated in the Report and Recommendation:

> [Plaintiff] has pleaded no facts indicating that any of the suggested cellmates have made threats to harm him. He has also pleaded no facts suggesting that he has been threatened by any inmate currently housed either at his institution or in the protective custody unit. The fact that, while at a different correctional institution, he was assaulted once (four years ago) and threatened (two years ago), neither of which events were even allegedly based on his status as a sexually-oriented offender, simply does not support the claim that he would be at risk if he received a cellmate who, like him, is being housed in protective custody. He has presented no evidence of systemic threats to the safety of protective custody inmates at his institution who are doublecelled, nor any evidence that all or substantially all inmates serving sentences for crimes like his are routinely assaulted or threatened with harm.

(ECF No. 17 at 6.)

Plaintiff has remained in protective control for his duration at ToCI and has not been assigned a cellmate to date. (Coleman Aff. ¶¶ 7–8; ECF No. 9-1.) Further, as the Magistrate Judge explained, "[a]ccording to Mr. Coleman, there are no level three protective custody inmates at Toledo who are assigned permanent single cell status. Mr. Coleman is not aware of any current threat against Mr. Enyart." (ECF No. 17 at 3) (citing Coleman Aff. ¶¶ 10, 12; ECF

6

No. 9-1.) *See Bogan v. Brunsman*, No. 1:11-CV-259, 2013 WL 360357, at *6 (S.D. Ohio Jan. 30, 2013) *report and recommendation adopted*, No. 1:11-CV-259, 2013 WL 754262 (S.D. Ohio Feb. 27, 2013) ("[I]dentification of a prisoner's enemies is critical to the prison's ability to protect a prisoner because it is the prison officials, not the prisoner, who must determine whether there is a substantial risk of harm that warrants a transfer or other action."). While Plaintiff may "live[] in constant fear of whom the Defendants may place in the cell with him," such subjective fear alone is not enough. (ECF No. 17 at 3) (quoting Complaint ¶ 22; ECF No. 1.) As the Magistrate Judge observed, Plaintiff could not identify any specific threat from the list of potential cellmates offered by Defendants. (ECF No. 17 at 3.)

Plaintiff nevertheless objects[2] to the Magistrate Judge's conclusions, arguing that "[t]here is little doubt that the Plaintiff is not just another sex offender housed in the Defendant's care. He is at risk daily, even within the confines of the protective custody wing of Toledo Correctional." (ECF No. 19 at 2.) Plaintiff once more points to the incidents at Franklin County Jail and Allen Oakwood Correctional Institution (those with inmates Stallings and Teagarden) to show that Plaintiff is at risk of substantial harm. (ECF No. 19 at 2–3.)

These arguments reflect those made in Plaintiff's Complaint and Motion for Preliminary Injunction, which the Magistrate Judge considered. These generalized allegations cannot establish a deliberate indifference claim. *See Gant v. Campbell,* 4 F. App'x 254, 256 (6th Cir. 2001) (finding no Eighth Amendment violation for failure to protect where the plaintiff did not identify any particular gang members whom he feared); *see also Bogan*, 2013 WL 360357, at *6

---

[2] Plaintiff also "would object generally to the magistrate's refusal to order the injunction in the matter." (ECF No. 19 at 2.) However, this objection is not well taken. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

(same). Though Plaintiff alleges that the assault at Franklin County Jail was provoked by his particular status as a sex offender (ECF No. 19 at 2), he has not offered any evidence showing that a similar hostile environment exists at his current institution. Further, Plaintiff has not established that the incidents at Allen Oakwood were provoked by his particular status as a sex offender. Finally, as inmates Stallings and Teagarden no longer pose a threat to Plaintiff (because neither reside ToCI) (Defs.' Resp. at 8; ECF No. 9), these incidents fail to establish either a specific threat to Plaintiff or a pervasive threat to a class of persons to which the plaintiff belongs. Thus, Plaintiff has not met his burden of establishing that "the circumstances clearly demand" this extraordinary relief.

Because Plaintiff has not established a strong likelihood of success on the merits or that he faces irreparable harm, the Court agrees with the Magistrate Judge that preliminary injunctive relief is not warranted. The Court therefore overrules Plaintiff's objections and denies his Motion for a Preliminary Injunction.

### V. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections (ECF No. 19) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17).  The Court therefore **DENIES** Plaintiff's Motion for preliminary injunctive relief (ECF No. 2).

**IT IS SO ORDERED.**

9-22-2016
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**