UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD E. ENYART, JR.,

    Plaintiff,

v.

    Case No. 2:16-cv-161
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Terence P. Kemp

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Objections (ECF No. 30) to the Magistrate Judge's Report and Recommendation (ECF No. 23), which recommended granting Defendant's Motion for Judgment on the Pleadings (ECF No. 11). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections.

### I.

Plaintiff Richard Enyart is currently serving a 365-year sentence at the Toledo Correctional Institution ("ToCI") for a number of convictions involving sexual offenses against children. Mr. Enyart brings this action under 42 U.S.C. § 1983 asserting that Defendants, the Ohio Department of Rehabilitation and Correction ("ODRC"), Director Gary Mohr, ODRC Director of Classification Brian Wittrup, and Warden John Coleman (collectively "Defendants"), have been deliberately indifferent to his health and safety in violation of the Eighth Amendment to the United States Constitution. This basis for this claim is that Defendants have disregarded a substantial risk of assault to Mr. Enyart by refusing to assign him a permanent single cell.

Shortly after his 2007 arrest, Mr. Enyart was assaulted by inmates at the Franklin County

Sheriff's Department correctional facility, which he claims was motivated by the nature of the crimes for which he was arrested.[1] (Amended Complaint ("Am. Compl.") ¶ 13; ECF No. 3.) After Mr. Enyart was sent to the Corrections Reception Center in Orient, Ohio, and an investigation was performed, ODRC placed him in protective control. (*Id.* ¶ 15.) Upon transfer to Oakwood Correctional Institution in 2012, Mr. Enyart was physically assaulted twice by his cellmate, Mark Stallings, who suffered from mental and psychological problems. (Plaintiff's Objection ("Pl. Obj.") at 2; ECF No. 30.) Following the assaults, Mr. Enyart claims that he was threatened by his new cell mate at Oakwood, Trevor Teagarden, who "attempted to hire members of the Aryan Brotherhood to attack [him]." (Am. Compl. ¶ 17.) Mr. Teagarden was removed from the cell before any harm came to Mr. Enyart. (*Id.* ¶ 29.) In December of 2015, Mr. Enyart was transferred to ToCI, where he was told that he would have a cell mate by the end of the month. In January of 2016, Mr. Enyart was provided a list of inmates and told that he could pick a roommate or that he would be assigned one. (*Id.* ¶ 20.) According to the Complaint, "Defendants have begun the process of double celling the inmates in the protective custody unit at [ToCI]" and Mr. Enyart "lives in constant fear" of other inmates. (*Id.* ¶¶ 21–22.) However, it does not appear that Mr. Enyart has been given a cell mate to date.

Mr. Enyart filed this suit seeking compensatory damages and injunctive relief mandating that Defendants to re-classify him as a permanent single cell occupancy inmate. Defendants have moved for a judgment on the pleadings (ECF No. 11), which the Magistrate Judge has recommended granting. (ECF No. 23.) As Magistrate Judge Terence P. Kemp set out in his Report and Recommendation:

> Mr. Enyart argues that because of his well-documented history of being

---

[1] Those events are the subject of another pending case before the Court. *See Enyart v. Franklin County, et al.*, Case No. 2:09-cv-687 (S.D. Ohio).

> threatened and abused by other inmates, the defendants should classify him as a single cell occupancy inmate. Mr. Enyart states that on "numerous occasions" the defendants have "attempted" to place him in a double cell with another individual, but it appears at the time of the complaint filing he had not been given a cellmate. He admits that he has suffered no threats, extortions or assaults while he has been in a single cell at either SOCF or ToCI. He does not allege that the defendants failed to follow ODRC policy, or that any threats of or actual violence against him have occurred during his incarceration at ToCI.

(Report and Recommendation ("Rep. & Rec.") at 2–3, ECF No. 23.) This matter is now before the Court on Mr. Enyart's Objections (ECF No. 30) to the Report and Recommendation and Defendants' Response (ECF No. 31).

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

When considering a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Nevertheless, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court need not accept legal conclusions that a party couches as a factual allegation. *Id.* Additionally, a party may not simply recite the elements of a cause of action. *Id.*

3

## III.

The Magistrate Judge found that Mr. Enyart did not sufficiently allege that the Defendants deliberately disregarded a substantial risk of physical harm to him by refusing to grant him a permanent single cell. A "prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . ." *Farmer v. Brennan*, 511 U.S. 825, 837–39 (1994). This Sixth Circuit has recognized that prison officials have a duty to protect inmates against assault at the hands of other inmates. *See Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). However, the officials must be aware of a specific threat to either the plaintiff or to a class of persons to which the plaintiff belongs, and that threat must be substantiated by objective evidence, not the inmate's subjective fear. *Browning v. Pennerton*, 633 F. Supp. 2d 415, 430 (E.D. Ky. 2009). Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. *Farmer*, 511 U.S. at 837.

Mr. Enyart objects to the Magistrate Judge's determination that he did not allege any specific threats from inmates at ToCI posing a substantial threat of harm. He argues that the incidents at his prior facilities put Defendants "on notice that Plaintiff was at risk for attacks from other inmates prior to his placement." (Pl. Obj. at 2.) Specifically, he points to the incidents at the Franklin County Jail and those at the Oakwood facility with inmates Stallings and Teagarden to show that he is at risk of harm whenever he is given a cell mate. As a result of these incidents, he concludes that "this is not an isolated incident. It happen when Plaintiff is placed with other inmates in his cell." (*Id.*) Defendants respond that Mr. Enyart's objection "primarily reasserts and reemphasizes the very factual allegations contained in his Complaint." (Defendants' Response at 2, ECF No. 31.) Apart from his subjective belief that his particular

4

criminal status makes him prone to harm, Mr. Enyart does not offer any facts to support that such a motive for the Oakwood attacks was present or that the same threat is present at ToCI. He alleges that inmate Stallings was a "dangerously disturbed person" and that inmate Teagarden attempted to have the Aryan Brotherhood hurt him. (Pl. Obj. at 2.) However, he offers no support beyond these allegations to show that these incidents were motivated by his particular criminal status. Magistrate Judge Kemp previously addressed this argument in his Report and Recommendation:

> Mr. Enyart has not alleged facts indicating that he has received any specific threats from other inmates at ToCI. Despite experiencing some threats and attacks at other institutions, most recently in 2014 (the threat by a cellmate at [Oakwood] which never materialized), none of these other than the assault shortly following his arrest were even allegedly based on his status as a sex offender. Mr. Enyart offers a conclusory statement that the nature of his crimes place him in imminent danger from other inmates, but other than referencing the attack in 2007, he does not allege specific facts to support that statement.

(Rep. & Rec. at 8.) Judge Kemp further noted that Mr. Enyart is being housed in protective custody at ToCI and has not alleged that the Defendants failed to follow ODRC policy or that there is a systemic risk to the safety of protective custody inmates who are double-celled at ToCI. (*Id.*) Even taking Mr. Enyart's subjective fear of harm as true, Judge Kemp concluded that Mr. Enyart still failed to allege any personal involvement by the named defendants that would establish their deliberate indifference to any potential harm. The Court agrees and finds that the objections offer no new allegations of a specific threat or Defendants' personal involvement.

Mr. Enyart further objects that "[g]iven his place within the prison hierarchy . . . it is more likely than not he will be attacked, threatened or extorted by any cell mate," and that it seems "unrealistic to wait until there is another attack on the Plaintiff and then attempt to sue to gain an injunction." (Pl. Obj. at 3.) Again, Mr. Enyart fails to offer objective facts to substantiate the supposed threat to him or to the class of inmates to which he belongs. For the reasons stated

above and in the Report and Recommendation, the Court finds that Plaintiff has failed to plead sufficient facts showing that the defendants were deliberately indifferent to his safety by refusing to grant him a permanent single cell assignment.

The Court notes that the Plaintiff, at least as of the latest filings in this, has not been housed with another inmate, which is prudent, if not legally required. The Court assumes that the Defendants take seriously their obligation to both house and protect the Plaintiff. While not compelled to do, the Defendants have single bunked the Plaintiff, given his criminal history of previous assaults. Nothing in this opinion is meant to deter the Defendants from continuing such a course.

### IV.

For the reasons stated above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED.** (ECF No. 30.) Thus, the Report and Recommendation is **ADOPTED** in its entirety (ECF No. 23) and this action is **DISMISSED.**

**IT IS SO ORDERED.**

2-7-2017
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT CHIEF JUDGE